**BOYAMIAN LAW, INC.**
Michael H. Boyamian (SBN 256107)
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1922
Telephone:   818.547.5300
Facsimile:   818.547.5678
E-mail(s):   michael@boyamianlaw.com

Attorneys for Plaintiff HARO BEZDIKIAN,
Individually, On Behalf of All Others Similarly Situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARO BEZDIKIAN, an individual, on behalf of himself and all others similarly situated individuals,<br><br>                    Plaintiff,<br><br>         vs.<br><br>ROUND SKY, INC. d/b/a CASH ADVANCE USA, LTD., a Nevada corporation, and DOES 1 through 25, inclusive,<br><br>                    Defendants. | CASE NO. 2:19-cv-05047<br>**CLASS ACTION COMPLAINT FOR**:<br><br>VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227<br><br>**DEMAND FOR JURY TRIAL** |

1

CLASS ACTION COMPLAINT

1    Plaintiff HARO BEZDIKIAN (hereinafter "Plaintiff"), an individual, hereby

2    files this Complaint against Defendant ROUND SKY, INC., a Nevada corporation,

3    doing business as CASH ADVANCE USA, LTD (hereinafter "CASH ADVANCE"),

4    and Does 1 to 25, inclusive (hereinafter collectively, "Defendants"), and is informed

5    and believes and on the basis of that information and belief alleges as follows:

6                                        **INTRODUCTION**

7         1. As alleged below, Defendants have violated the Telephone Consumer

8    Protection Act ("TCPA"), 47 U.S.C. § 227, through their unauthorized contact of

9    consumers on the consumers' respective cellular telephones. Specifically,

10   Defendants have violated the TCPA by negligently, knowingly, willfully, and/or

11   intentionally causing an automatic dialer to dial Plaintiff's cellular phone line, and

12   negligently, knowingly, willfully, and/or intentionally using a pre-recorded voice

13   message in the inception of the same phone calls, in violation of the TCPA despite

14   Plaintiff's registration of his number on the National Do Not Call Registry, thereby

15   violating Plaintiff's federal statutory rights, and invading his right to privacy,

16   without his express written, implied, and/or oral consent. Plaintiff alleges on

17   information and belief that Defendants habitually violate the privacy rights of

18   consumers.

19        2.   Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and Class Members are entitled

20   to, inter alia, statutory damages and injunctive relief for Defendants' violations.

21   The TCPA was designed to prevent calls like the ones described within this

22   complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous

23   consumer complaints about abuses of telephone technology—for example,

24   computerized calls dispatched to private homes—prompted Congress to pass the

25   TCPA." *Mims v. Arrow Fin. Servs., LLC* (2012) 132 S. Ct. 740, 744.

26   ////

27   ////

28   ////

CLASS ACTION COMPLAINT

## **PARTIES**

*Plaintiff Haro Bezdikian*

3.  Plaintiff is, and at all times relevant to this action was, a California resident of the County of Los Angeles. He is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C § 153.

*Defendant Round Sky, Inc. d/b/a Cash Advance USA*

4.  Plaintiff is informed and believes, and based thereon alleges, that Defendant ROUND SKY, INC. is a Nevada corporation doing business as "Cash Advance". Plaintiff is further informed and believes, and based thereon alleges, that ROUND SKY, INC. is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

*Defendants Does 1 through 25, Inclusive*

5.  DOES 1 through 25 inclusive are now and/or at all times mentioned in this Complaint were, licensed to do business and/or actually doing business in the State of California.  Plaintiffs do not know the true names or capacities, whether individual, partner, or corporate, of DOES 1 through 25, inclusive and for that reason, DOES 1 through 25 are sued under such fictitious names pursuant to California Code of Civil Procedure, section 474.  Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.  DOES 1 through 25 are believed to be business entities who were also affiliated or have an ownership interest with Defendant and is responsible for the alleged acts committed herein.

*All Defendants*

6.  Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein,

CLASS ACTION COMPLAINT

while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

7.   Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

8.   Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff, all others similarly situated and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

9.    Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-conspirators in causing the damages and injuries to Plaintiff and other similarly situated individuals and consumers in California.

10. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified,

CLASS ACTION COMPLAINT

1   the various acts and omissions of each and every one of the other Defendants in

2   proximately causing the injuries and/or damages alleged in this Complaint.

3                          **JURISDICTION AND VENUE**

4          11.    ***Jurisdiction***. Federal and state courts have concurrent jurisdiction over

5   suits arising under the TCPA. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740,

6   745 (2012). This Court therefore has subject-matter jurisdiction over Plaintiff's

7   cause of action.  Furthermore, this Court has personal jurisdiction over Defendants

8   because, as alleged below, they have purposefully availed themselves of the

9   resources and protections of California, and conduct business and have systematic

10  contacts within the District.

11         12.    ***Venue***. Venue is proper in this District under 28 U.S.C. § 1391(b) because

12  Defendants conduct a significant amount of business within this District and

13  because the wrongful conduct giving rise to this case occurred in, was directed to,

14  and/or emanated from this District.

15                         **FACTUAL ALLEGATIONS**

16         13.    In or around January 30, 2019 and April 26, 2019, Defendants negligently,

17  knowingly, willfully, and/or intentionally caused an automatic telephone dialing

18  system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) to dial Plaintiff's cellular

19  phone number ending in digits 8347 and negligently, knowingly, willfully, and/or

20  intentionally used a pre-recorded voice message in the inception of the same phone

21  calls.

22         14.    Defendants contacted Plaintiff from telephone numbers (773) 869-0953

23  and (877) 544-5778, on Plaintiff's cellular phone.  At the time the telephone calls

24  placed via an ATDS were received by Plaintiff on Plaintiff's cellular telephone,

25  Plaintiff was present in the County of Los Angeles, State of California.

26         15.    The ATDS has the capacity to store or produce telephone numbers to

27  be called, using a random or sequential number generator.

28

CLASS ACTION COMPLAINT

16.     At no time did Plaintiff provide Plaintiff's cellular telephone number ending in 8347 to Defendants through any medium.  Plaintiff never, either implicitly or expressly, in writing or orally, consented to be contacted on his cellular phone by an ATDS using a pre-recorded voice message.  Indeed, on at least one occasion, Plaintiff told Defendants to stop contacting him.

17.     Defendants obtained Plaintiff's contact information through unknown means.

18.     The phone calls to Plaintiff's cellular phone wasted Plaintiff's time, invaded the privacy of himself, caused undue annoyance and stress, and wasted the use of a cellular phone service at Plaintiff's monetary expense.  The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19.     Upon information and belief, through the voice messages left by Defendants via an ATDS, Defendants were attempting to promote, offer, and/or sell CASH ADVANCE's monetary and loan products and services.

20.     The telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).  Defendants' autodialed phone calls and pre-recorded voice messages were entirely commercial in nature. Further, Plaintiff registered his cellular phone number on the National Do Not Call Registry on December 7, 2004.

21.     The telephone calls by Defendants, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) on behalf of himself and all similarly situated persons in the State of California and United States, and seeks certification of the following Class:

> All persons in the United States who, within the four years prior to the filing of this Complaint and continuing while this action is pending,

received on their cellular phone any phone call (other than a call made for emergency purposes) initiated by Defendants through the use of an automatic telephone dialing system and/or through the use of an artificial or prerecorded voice message without said person's prior express consent to be contacted through the use of an automatic telephone dialing system and/or through the use of an artificial or prerecorded voice message.

23.     Plaintiff reserves the right to amend or modify the proposed Classes, or to Propose subclasses or limitations to particular issues, in response to facts later ascertained.

24.     *Numerosity*. The identities of Class Members may be ascertained from Defendants' own business and marketing records, as well as the records of Defendants' telephone provider(s). Joinder of all Class Members would be impracticable due to the sizeable number of such Members and their likely lack of resources to initiate individual claims. Plaintiff estimates that thousands of calls were placed by Defendants through the use of an automatic telephone dialing system and/or through the use of an artificial or prerecorded voice message were made to well over the forty individuals without their prior express consent thus satisfying the numerosity requirement. Also, as explained below, the amount that is owed to any given Class Member under the TCPA is relatively small, making it impractical for them to bring their own individual suits.

25.     *Commonality*. There are questions of law and fact that are common to the Classes that predominate over any questions affecting only individual Class Members. These common questions include, without limitation:

a) Whether Defendants contacted a Class Member on their cellular phone via any phone call initiated by Defendants through the use of an automatic telephone dialing system and/or through the use of an artificial or prerecorded voice message without said person's consent to be contacted through the use of an automatic telephone dialing system and/or through the use of artificial or prerecorded voice message;

b) Whether the equipment used to generate such pre-recorded calls constitutes

CLASS ACTION COMPLAINT

an automatic telephone dialing system within the meaning of the TCPA and

its regulations;

c) Whether the outright failure to obtain prior express written consent to

receive pre-recorded voice messages constitutes willful and knowing

behavior within the meaning of the TCPA and its regulations; and

d) Whether Defendants should be enjoined from engaging in such

conduct in the future.

26.     ***Typicality***. Plaintiff's claims are typical of those of the Classes because he received at least one telemarketing or advertising automated, pre-recorded call concerning CASH ADVANCE offerings on or after January 30, 2019; he never provided prior express written consent to receive any such calls; he rescinded any prior consent by stating to stop calling him; and that such automated, pre-recorded calls were caused to be made using the same equipment used to make such calls to all Class Members on their respective cellular telephones.

27.     ***Adequacy***. Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff is not aware of any conflicts with Class Members, and he plans on pursuing the litigation vigorously. He also has the same interests as those of the Classes, and has retained counsel who are competent and experienced in class-action litigation. In addition, Plaintiff has been actively involved in the litigation, he will continue to participate and be available for the duration of the litigation, and he understands the duties that he holds to the Classes.

28.     ***Superiority***. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Again, the individual joinder of all Class Members is impracticable because of the relatively small recovery amounts at stake and the relative lack of resources available for individual Class Members vis-à-vis the large corporate Defendants. Additionally, the judicial system would be burdened with multiple trials of the same issues, and the potential for inconsistent or contradictory judgments would increase. The common questions

CLASS ACTION COMPLAINT

1    detailed above, in fact, predominate in this action, as Class Members' claims arise

2    out of the same course of conduct to which Plaintiff himself was subject. A class

3    action therefore would conserve the resources of the parties and the Court while

4    protecting the rights of Class Members. Defendants' conduct as described above is

5    unlawful, continuing, clearly capable of repetition, and will continue unless

6    restrained and enjoined by the Court. Moreover, it is a matter of public interest to

7    obtain definitive answers to the legality of Defendants' actions in a single case.

8                           **FIRST CAUSE OF ACTION**

9                    **Violation of the TCPA – 47 U.S.C. §227**

10                          **(Against All Defendants)**

11           29.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and

12   every allegation set forth in this Complaint.

13           30.    The United States Congress enacted the TCPA in order to balance

14   individual privacy rights with legitimate telemarketing practices. In enacting this

15   statute, Congress found:

16           (1)    The use of the telephone to market goods and services to the home

17           and other businesses is now pervasive due to the increased use of cost-

18           effective telemarketing techniques.

19                 ….

20           (10) Evidence compiled by the Congress indicates that residential

21           telephone subscribers consider automated or prerecorded telephone calls,

22           regardless of the content or the initiator of the message, to be a nuisance and

23           an invasion of privacy.

24           (11) Technologies that might allow consumers to avoid receiving such

25           calls are not universally available, are costly, are unlikely to be enforced, or

26           place an inordinate burden on the consumer.

27           (12) Banning such automated or prerecorded telephone calls to the

28           home, except when the receiving party consents to receiving the call or when

1    such calls are necessary in an emergency situation affecting the health and

2    safety of the consumer, is the only effective means of protecting telephone

3    consumers from this nuisance and privacy invasion.

4  TCPA of 1991, PL 102-243, December 20, 1991, 105 Stat 2394.

5    31.    The TCPA specifically prohibits automated calls or messages to

6  consumers' cellular-telephone numbers without first obtaining the express consent

7  or permission of the consumers:

8    It shall be unlawful for any person within the United States, or any person
     outside the United States if the recipient is within the United States[,] (A) to
     make any call (other than a call made for emergency purposes or made with

9    the prior express consent of the called party) using any automatic telephone
     dialing system . . . (iii) to any telephone number assigned to a . . . cellular

10   telephone service .

11  47 U.S.C. § 227(b)(1).

12   32.    Under the relevant regulation, effective October 16, 2013, "prior

13  express consent" as used in subsection (b)(1)(A)(iii) of the TCPA means "prior

14  express *written* consent" for all telemarketing or advertising messages. 47 C.F.R. §

15  64.1200(a)(2) (emphasis supplied). Such consent must be signed by the consumer;

16  disclose that the consumer authorizes the entity on whose behalf the message is

17  sent to deliver, or cause to be delivered, telemarketing messages by way of an

18  automatic telephone dialing system; and disclose that the consumer is not required

19  to provide consent as a condition of purchasing any goods or services. *Id.* §

20  64.1200(0(8).

21   33.    The foregoing acts and omissions of Defendants constitute a direct

22  violation of the TCPA. Defendants were and are aware of the TCPA and its

23  requirements, and, on information and belief, intentionally violated the law in an

24  effort to maximize the reach of their program. Defendants' violations therefore

25  were willful.

26   34.    The TCPA establishes a private right of action for sending or

27  otherwise directing unauthorized automated, pre-recorded calls to consumers:

28

CLASS ACTION COMPLAINT

1

2

3

4

5

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase-the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

6  47 U.S.C. § 227(b)(3). Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff and Class

7  Members are entitled to an award of $500 in statutory damages for each and every

8  automated, pre-recorded advertisement call that they received.  Moreover, because

9  Defendant willfully and knowingly violated the TCPA as alleged above, Plaintiff

10  and Class Members are entitled to treble damages. Finally, pursuant to 47 U.S.C. §

11  227(b)(3)(A), Plaintiff and Class Members are entitled to injunctive relief.

12  **PRAYER FOR RELIEF**

13  WHEREFORE, Plaintiff on behalf of himself and the other members of the

14  class, prays for the following relief:

15  1.  For injunctive relief in accordance with subsection (b)(3)(A) of the

16  TCPA, prohibiting Defendants, their employees, agents, representatives,

17  contractors, affiliates and all persons and entities acting in concert with them, from

18  committing further violations of the act and, thereby, prohibiting Defendants, their

19  employees, agents, representatives, contractors, affiliates, and all persons and

20  entities acting in concert with them, from sending any further unsolicited

21  automated, pre-recorded advertisement calls via ATDS to any person or entity;

22  2.  That this Court certify the claims of the named Plaintiff and all other

23  persons similarly situated as class action claims as provided pursuant to Rule 23 of

24  the Federal Rules of Civil Procedure.  That the Court adjudge and decree that the

25  present case may be properly maintained as a class action, appoint Plaintiff as the

26  representative of the class, and appoint Plaintiff' counsel as counsel for the class;

27  3.  In accordance with subsection (b)(3)(B) of the TCPA, that the named

28  Plaintiff and the other members of the class action so certified be awarded $500 for

1    each negligent violation of the TCPA by Defendants or $1,500 for each willful

2    violation of the TCPA, in a total amount not less than $5,000,000.00, exclusive of

3    interest and costs, or according to proof.

4         4.    That the Court enter an appropriate order enjoining CASH

5    ADVANCE, its agents, or anyone acting on its behalf, from altering, erasing,

6    changing, deleting, destroying or otherwise disposing of any records, including

7    computer disks or computer programs, in its possession or control which can be

8    used to identify all persons, corporations, or other entities to whom defendants

9    have transmitted unsolicited facsimile advertisements;

10        5.    For prejudgment interest;

11        6.    For costs of suit herein;

12        7.    For reasonable attorney's' fees;

13        8.    For punitive damages; and

14        9.    That the named Plaintiff and the members of the class be granted such

15   other and further relief as is just and equitable under the circumstances.

16   **PRESERVATION OF EVIDENCE DEMAND**

17        Defendant CASH ADVANCE or its agents have custody and control of the

18   business records and other information necessary to identify the members of the

19   class including names and telephone numbers.  Unless immediate injunctive relief

20   is ordered, it is feared that CASH ADVANCE, or its agents, will alter, erase,

21   delete, destroy or otherwise dispose of the records in their possession which are

22   necessary to identify each recipient of the unsolicited text message advertisements

23   being sent by CASH ADVANCE.  For this reason, the Plaintiff demands that

24   Defendants, its agents, or anyone acting on its behalf, refrain from altering,

25   deleting or destroying any documents or records which could be used to identify

26   the members of the class(es).

27   ////

28

CLASS ACTION COMPLAINT

1

DATED: June 11, 2019                    **BOYAMIAN LAW, INC.**

2

3                                         By:   /s/ Michael H. Boyamian
                                                Michael H. Boyamian
4                                               Attorneys for Plaintiff HARO
                                                BEZDIKIAN, and all other similarly
5                                               situated individuals

6

7                              **DEMAND FOR JURY TRIAL**

8          Plaintiff hereby demands a jury trial for all claims so triable.

9

DATED: June 11, 2018                    **BOYAMIAN LAW, INC.**

10

11                                        By:   /s/ Michael H. Boyamian
                                                Michael H. Boyamian
12                                              Attorneys for Plaintiff HARO
                                                BEZDIKIAN, and all other similarly
13                                              situated individuals

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT